**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**AROR ARK O'DIAH,**

                **Plaintiff,**

   v.                                                               No. 9:08-CV-322
                                                                                (TJM)(DRH)

**A. MAWHIR, Cayuga Correctional Facility; MICHAEL**
**CORCORAN, Superintendent, Cayuga Correctional**
**Facility; SCOTT C. CARLSEN, Superintendent, Ulster**
**Correctional Facility; P. BUTTARAZZI, Chief**
**Physician, Cayuga Correctional Facility Inmate Clinic;**
**JESUS FLORESCA, Chief Physician, Ulster**
**Correctional Facility Inmate Clinic; K. STEVENSON,**
**Cayuga Correctional Facility Program Coordinator; Ms.**
**DALY; MARY WARNER, Nurse Administrator,**
**Cayuga Correctional Facility; and T. NAPOLI,**

                **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

**I.    INTRODUCTION**

This *pro se* action brought pursuant to 42 U.S.C. § 1983 was referred by this Court to the Hon. David R. Homer, United States Magistrate Judge, for a Report-Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule N.D.N.Y. 72.3(c). In his December 14, 2010 Report-Recommendation and Order, Magistrate Judge Homer recommended that Defendants' motion to dismiss (Dkt. No. 53) be:

1

    1. DENIED as to O'Diah's claims of,

        A. Retaliation, including violations of New York Correction Law § 138(4), against defendants Mawhir, Dr. Buttarazzi, and Warner;

        B. Medical indifference against defendants Dr. Buttarazzi, Dr. Floresca, and Warner;

        C. Medically inappropriate work conditions against defendants Dr. Buttarazzi, Warner, Stevenson, and Mawhir;

        D. Excessive force against defendant Mawhir; and

        E. Failure to protect against defendant Mawhir; and

    2. GRANTED as to all other claims and all other defendants.

Plaintiff has filed objections to these recommendations.

## II.    STANDARD OF REVIEW

When objections to a magistrate judge's report and recommendation are lodged, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See 28 U.S.C. § 636(b)(1)(C). General or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error. Farid v. Bouey, 554 F. Supp. 2d 301, 306 n.2 (N.D.N.Y. 2008); see Frankel v. N.Y.C., 2009 WL 465645 at *2 (S.D.N.Y. Feb. 25, 2009).[1] After reviewing the Report-

---

[1] The Southern District wrote in Frankel:

The Court must make a *de novo* determination to the extent that a party makes specific objections to a magistrate's findings. United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir.1997). When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report strictly for clear error. See Pearson-Fraser v. Bell Atl., No. 01 Civ. 2343, 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003); Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan, 806 F.Supp. 380, 382 (W.D.N.Y.1992). Similarly, "objections that are merely perfunctory responses argued in an

2

Recommendation, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

## III.   DISCUSSION

Having reviewed *de novo* those portions of the Report-Recommendation and Order that Plaintiff has lodged objections to, the Court determines to adopt the recommendations for the reasons stated in Magistrate Judge Homer's thorough report.

## IV.   CONCLUSION

Therefore, the Court **ADOPTS** the recommendations made by Magistrate Judge Homer in their entirety. Accordingly, it is hereby **ORDERED** that Defendants' motion to dismiss (Dkt. No. 53) is:

1. **DENIED** as to O'Diah's claims of,

> A. Retaliation, including violations of New York Correction Law § 138(4), against defendants Mawhir, Dr. Buttarazzi, and Warner;
>
> B. Medical indifference against defendants Dr. Buttarazzi, Dr. Floresca, and Warner;
>
> C. Medically inappropriate work conditions against defendants Dr. Buttarazzi, Warner, Stevenson, and Mawhir;
>
> D. Excessive force against defendant Mawhir; and

---

attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review." Vega v. Artuz, No. 97 Civ. 3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002).

2009 WL 465645, at *2.

3

   E. Failure to protect against defendant Mawhir; and

 2. **GRANTED** as to all other claims and all other defendants, and these other claims are **DISMISSED.**

**IT IS SO ORDERED**.

DATED: March 16, 2011

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge